IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE FOREIGN CANDY COMPANY, INC. | ) )  |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 10-999 ) |
| R.L. ALBERT & SON, INC., | ) ) |
| Defendant. | ) |

<u>MEMORANDUM ORDER</u>

On July 30, 2010, the plaintiff, The Foreign Candy Company, Inc., filed a complaint against the defendant, R.L. Albert & Son, Inc., asserting causes of action against it for federal trademark infringement (Count I) and false designation of origin (Count II) under the Lanham Act, 15 U.S.C. §§ 1051 et seq., as well as unfair competition (Count III) and common law trademark infringement (Count IV) under the Pennsylvania Trademark Act, 54 PA. CONS. STAT. §§ 1101 et seq. Neither litigant is a resident of Pennsylvania. The plaintiff is an Iowa corporation with a principal place of business in Hull, Iowa. The defendant is a New York corporation, having its principal place of business in Stamford, Connecticut.

On December 2, 2010, the defendant filed a motion to transfer venue to the United States District Court for the District of Connecticut (Bridgeport Division) pursuant to 28 U.S.C. § 1404(a) (ECF No. 11). In support of its motion to transfer, the defendant submitted the declaration of its chief executive officer, Robert Katz. On February 2, 2011, the plaintiff filed a brief opposing the motion, and on February 9, 2011, the defendant filed a reply brief in support of its motion to transfer.

On March 1, 2011, a Report and Recommendation was issued by a United States Magistrate Judge, in which it was recommended that the defendant's motion to transfer this case to the District of Connecticut (Bridgeport Division) be granted (the "R&R"). The parties were given an opportunity to file written objections to the R&R, and on March 14, 2011, the plaintiff filed objections. On March 21, 2011, the defendant filed a response to the plaintiff's objections. On March 24, 2011, the court granted the plaintiff's motion for leave to file a reply to the defendant's response to its objections, and on April 4, 2011, the plaintiff filed a reply brief.

In the R&R, the magistrate judge considered pertinent factors that should be assessed in a transfer request, including the plaintiff's choice of forum; the defendant's choice of forum; where the claim arose; the convenience of the parties as indicated by their relative physical and financial condition; practical considerations which will make trial of a case easy, expeditious and inexpensive; and the local interest in deciding the controversy. After assessing the relevant factors, the magistrate judge determined that they strongly favored a transfer. In objecting to the recommended transfer of this case to the District of Connecticut, the plaintiff argues that the relevant factors do not strongly favor a transfer, and that its choice to litigate in this forum should be honored.

It is clear that "a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice '* * * should not be lightly disturbed.'" Shutte v. Armco Steel Corp., 431 F.2d 22 (3d Cir. 1970), cert. denied, 401 U.S. 910 (1971) (quoting Ungrund v. Cunningham Bros., Inc., 300 F.Supp.270, 272 (S.D. Ill. 1969)). However, as set forth in the R&R, where a plaintiff chooses a forum outside of its state of residence, as here, "a plaintiff's choice of forum is given less deference." WellPet, LLC v. Midwestern Pet Foods, Inc., No. 1:09-cv-1556, 2009 WL 5111790, at *2 (M.D.Pa. Dec. 16, 2009) (citing cases).

"'When the central facts of a lawsuit occur outside the forum state, a plaintiff's selection of that forum is entitled to less deference.'" Sarver v. Hurt Locker, LLC, Civil Action No. 2:10-cv-01076, 2010 WL 4810813, at *3 (D.N.J. Nov. 18, 2010) (quoting Ricoh Co., Ltd. v. Honeywell, Inc., 817 F.Supp. 473, 481 (D.N.J. 1993)).

Here, the plaintiff is an Iowa corporation with a principal place of business in Hull, Iowa. The defendant developed the allegedly infringing marks and products, accepted and processed all orders, and shipped products bearing the subject marks in Stamford, Connecticut (Declaration of Robert Katz ¶ 8).

As for this district, the record shows that only a single sale of the defendant's subject product – in the amount of $141.00 – occurred within the Western District of Pennsylvania (Id. ¶ 6). As noted in the R&R, in a Lanham Act trademark infringement case, the focus of a venue inquiry "is the location where the unauthorized passing off takes place-whether that occurs solely within one district or in many." Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 295 (3d Cir. 1994). Here, however, the propriety of venue in this district is not at issue; rather, to the extent that a defendant's actions are said to constitute infringement, "passing off" will also necessarily have occurred in the district where its product was manufactured and marketed. See Capp, Inc. v. Dickson/Unigage, Inc., No. Civ. A. 03-5046, 2004 WL 339672, at*3 n.2 (E.D.Pa. Feb. 19, 2004). The defendant asserts that every allegedly infringing sale originated in Connecticut, as it accepted and processed all orders at its Stamford, Connecticut headquarters, and it shipped the products bearing the subject marks pursuant to directives originating from its headquarters (Katz Declaration ¶ 8).

Contrary to the plaintiff's objections, the balancing of other pertinent factors favor a transfer. As detailed in the R&R, factors such as the defendants' forum preference, the place

3

where the claim arose, and the local interest in deciding the controversy favor a transfer. Clearly, the District of Connecticut is the forum preference of the defendant, and is where a significant amount of its alleged misconduct occurred. The defendant has its principal place of business in Stamford, Connecticut (Katz Declaration ¶3), its headquarters is there, it employs personnel at its headquarters in Stamford, its subject product and marks were developed at its Stamford headquarters, and all its orders were accepted and processed there (Id. ¶¶ 8-11).

With respect to other pertinent factors, the record shows that most potential witnesses, including all witnesses with material knowledge of the defendant's relevant activities, are located in Stamford, Connecticut at its headquarters (Katz Declaration ¶ 10).

With respect to the suit filed by the defendant against the plaintiff in the District of Connecticut, the plaintiff argues for the first time in its objections that transferring this case to the District of Connecticut would contravene the "first-to-file" rule, as it commenced this suit before the defendant initiated that action. The "first-to file" rule, however, is not applicable here. The Third Circuit Court of Appeals has adopted the "first-filed rule", which provides that "'[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it.'" EEOC v. Univ. of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988), aff'd, 493 U.S. 182 (1990)(quoting Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir. 1941)). The court of appeals explained:

> The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank. It gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court.

EEOC v. Univ. of Pennsylvania, 850 F.2d at 971.

Unfortunately for the plaintiff, the "[first-filed] rule only applies when two district courts have jurisdiction of the 'same parties and issues.'" Maertin v. Armstrong World Indus., Inc., 241 F.Supp.2d 434, 453 (D.N.J. 2002) (quoting Triangle Conduit & Cable Co. v. Nat'l Elec. Prods. Corp., 125 F.2d 1008, 1009 (3d Cir. 1942)); see EEOC v. Univ. of Pennsylvania, 850 F.2d at 971 (the first-filed rule may be applied to enjoin a subsequent action when it involves "the same parties and the same issues already before another district court"). The parties agree that this case does not involve the same issues as are present in the case filed in District of Connecticut. See Plaintiff's brief opposing the motion to transfer (ECF No. 26 at 14) ("[T]he only similarity between the two cases is the identity of the parties. The two cases involve different marks that would require different evidence."); and defendant's response to Plaintiff's objections (ECF No. 32 at 14) ("The two actions … concern different claims, different issues, and different relief."). For this reason, the first-filed rule does not apply here.

Therefore, after independent review of the pleadings, the magistrate judge's R&R, and the parties' objections and responses thereto,

IT IS ORDERED that the defendant's motion to transfer this action to the United States District Court for the District of Connecticut (Bridgeport Division) (ECF No. 11) is granted forthwith.

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

Dated: May 3, 2011